UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD FISHER,<br><br>　　　　Petitioner,<br><br>　v.<br><br>J. D. HARTLEY,<br><br>　　　　Respondent. | 1:09-cv–00720-SMS-HC<br><br>ORDER TO PETITIONER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES (Doc. 1) |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 72-302 and 72-303.  Pending before the Court is Petitioner's petition, which was filed in this Court on April 23, 2009.  The petition challenges a decision of the California Board of parole on June 4, 2008, denying Petitioner's parole and finding him unsuitable for one year. (Pet. 3-5.)

　　　I. <u>Exhaustion of State Court Remedies</u>

　　　A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus

must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available.  Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

    In Picard v. Connor, 404 U.S. 270, 275...(1971),

2

|   |   |
|---|---|
| 1 | we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court. |

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

3

1  Where none of a petitioner's claims has been presented to
2 the highest state court as required by the exhaustion doctrine,
3 the Court must dismiss the petition. <u>Raspberry v. Garcia</u>, 448
4 F.3d 1150, 1154 (9th Cir. 2006); <u>Jiminez v. Rice</u>, 276 F.3d 478,
5 481 (9th Cir. 2001).  The authority of a court to hold a mixed
6 petition in abeyance pending exhaustion of the unexhausted claims
7 has not been extended to petitions that contain no exhausted
8 claims.  <u>Raspberry</u>, 448 F.3d at 1154.

9  Petitioner states that all grounds raised in the petition
10 are fully exhausted.  (Pet. 11.)  However, he does not
11 specifically describe the proceedings in the state courts in
12 which he exhausted his claims.  Therefore, upon review of the
13 instant petition for writ of habeas corpus, it appears that
14 Petitioner has not presented his numerous claims to the
15 California Supreme Court.  If Petitioner has not presented all of
16 his claims to the California Supreme Court, the Court cannot
17 proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).
18 It is possible, however, that Petitioner has presented his claims
19 to the California Supreme Court and simply neglected to inform
20 this Court.

21  Thus, Petitioner must inform the Court if his claims have
22 been presented to the California Supreme Court, and if possible,
23 provide the Court with a copy of the petition filed in the
24 California Supreme Court, along with a copy of any ruling made by
25 the California Supreme Court.  Without knowing what claims have
26 been presented to the California Supreme Court, the Court is
27 unable to proceed to the merits of the petition.
28 /////

4

## II. Order to Show Cause

Accordingly, Petitioner is ORDERED to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state remedies. Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court within thirty (30) days of the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   May 26, 2010**              /s/ Sandra M. Snyder
                                     UNITED STATES MAGISTRATE JUDGE